Good morning. Good morning, Your Honors. I'd like to reserve two minutes for rebuttal. All right. May it please the Court. My name is George Alakin. I'm here on behalf of Fumizer, LLC, the petitioner on this matter. And, you know, as we've discussed these notice requirement rules, I'd like to move directly to the more pointed arguments on this matter specifically. The first being the timeliness issue of the filing. FDA received the marketing denial order through delivery on July 23rd. It filed this petition on August 22nd, which is 30 days and within the federal rules of appellate procedures. It's late. It's not within 30 days, right? Notice received July 22. So, yeah. Deadlines August 21. Petition for review filed August 22. It was received July 23. And you can find the UPS tracking on the respondent's motion to dismiss. I thought there was a phone call notice and email with a copy of the MDO attached on July 22. So I'd like to discuss those three items all together, Your Honor. So U.S. Code 387-JE is very specific about the service requirements. There's only two ways to effectuate service on these types of notices, one being in-person service and the second one being through registered mail or certified mail. The email or the first starting with the first one is the telephone call. Telephone call doesn't purport to provide any information other than receiving an email courtesy copy. So there's no information to even be presented there. The second argument, the second notice, which is included in respondent's motion to dismiss is the email that was purportedly sent out on July 22. On top, it clearly states that it's a courtesy copy. It's not an actual service. It's not where a formizer has not agreed to actually accept service. So let me make sure I understand your position. So there's no dispute that a phone call was made giving notice that a denial was issued and the email was sent out with a copy of that. But you're saying that that's not sufficient to constitute notice. Is that your position? To clarify, Your Honor, as far as the prior notices that were received by telephone call through formizer, generally speaking, it's never to discuss what the basis of the notice is. It's just that there's a notice and if you actually look at the email that was submitted as an exhibit by respondents, it states that it's a courtesy copy and the petitioner has agreed to receive a courtesy copy. While we don't have a record of that email, it's not in dispute that it were not disputing that it was sent out to the petitioner on this. But the U.S. Code 387.2 is exceedingly clear that service can only be effectuated. Point one is through personal service. Point two is by actually USPS registered mail or certified mail. So even moving on to the timeliness, which it was delivered July 23, petition was filed August 22. However, I don't think it would be unreasonable to even argue that that wasn't even sufficient notice because it was sent UPS next day mail, which actually clearly falls outside of the code's requirements, which is registered mail and certified mail. It's clear in that and UPS will, under any condition, will never actually qualify as either one of those two. So even as we stand here today, I would say it wouldn't be unreasonable to argue that Foomizer still hasn't received effective notice of the actual marketing denial order. Where's that argument in your brief? Can you point that out, please? Sure, sure. As far as the... No effective service. It was actually in the first part of the argument. When my argument starts, I first address the, first heading is regarding the effective service, and then I move on to the arguments in relation to the MDO. And I believe it was addressed in my reply brief as it was brought up as an argument and respondents answer. If you can just give me a page number, that'll help me out. If it's all right with you, I'll grab my... That's all right. I could bring it up on my rebuttal. And just on that alone, it's, the code is as clear as it is. And even if we just acknowledge for whatever reason that the UPS service was considered to be effective service, then it was delivered as evidenced in respondents' exhibits, July 23rd. Foomizer filed their petition August 22nd. So it'd be within the 30 days. Well, the 30-day runs by the language of the statute from the date of denial, right? That's what the statute says. It does say date of denial, but it also very clearly identifies service. And in the cases that were addressed by a respondent, there's a big distinction between how the word issuance is used versus it's not, there's no such language in this. It just clearly goes straight to denial and then referring to 387. And at that point, it's services, it becomes the issue where I don't believe there's a proper service on those prior telephone calls or the email. All right. I think you can move on to the other points, but thank you. Thank you. Assume for a moment that we don't agree with you on the lack of service or notice. Can you give us your best argument on whether equitable tolling should apply? Yes, Your Honor. So as far as on equitable tolling, even giving the arguments that we just brought up as far as notice not being properly available, I think as far as the actual standard of how this notice was delivered was confusing enough and unclear enough to petitioner that the one day issue shouldn't be of whether it's delivery or notice or actually the alleged violation occurred shouldn't be considered as far as fatal to petitioner, especially when looking at the context of the cases that were brought up by respondent versus this case here. If this was an internal memo with a date that was set as July 22nd and hadn't been sent out for weeks or however period of time. Well, I mean, I think the problem I have with that argument is assuming that we uh find that notice was in fact provided whether by phone call email with the order attached or combination of both equitable tolling applies only if you're pursuing your rights diligently and something extraordinary stand in the way. I'm not unsympathetic to the fact that it's one day late. It's not super late, but at the same time it doesn't automatically mean that equitable tolling applies. Well, your honor, as far as the circumstances in which the the submission was actually the marketing denial was actually delivered, it did create a certain level of confusion. I think there was an email that was sent out on August 22nd, which was also included in um the the respondents exhibits with Fumizer actually asking um what what the status of that phone call was or whether there was a document that was going to be submitted in in response to that and at that point it was discovered that um there was an actual uh MBO issued. So it's uh on on that end I think um it actually caused more confusion than um actually clarity as far as when when it was issued. Um the the next point I'd like to to address is as far as um uh the the denial on its merits. So in in this particular case it's a it's a much narrower uh um application of the the administrative law. As far as Fumizer is not asking the court to second guess its scientific standard, it's not asking them to to um uh review based on based on um any ambiguity. It's a in in this case FDA had denied Fumizer's uh application and based on the fact that it was lacking a longitudinal switching study or any um data to that effect. However before far before the denial um Fumizer on May 28th submitted an amendment that included the switching study protocols that included statement of work with a company that it contracted to proceed with that had timetables data points and and a meaningful end date. In addition it provided a a longitudinal cohort study to show what the basis of its if it's a actual uh study was was going to rely on. Um and in in the July 20 23rd um uh denial the the only thing as far as there was a reference to an appendix b on their uh marketing denial order that referred to the longitudinal study but didn't actually um didn't actually uh engage with it meaningfully. And I think the the biggest issue there is it it shows that it's been received. It shows that that FDA has been in possession of it but when you actually go through their technical product lead review it doesn't it doesn't engage with that amendment in in any meaningful way. It just it acknowledges its existence. It acknowledges that there's still no final data as to the study but doesn't actually review through the uh the way it does with all the other studies that and all the other documentation that was um in the actual original application and the prior amendments. Um and given that this is data under 11 14.9 it's um um as a major amendment it should restart the clock. Not to say that it's a an actual ceiling to the to the 180 days but it should restart the review period following the restart of that review period. It's when when an analysis is being done it should the FDA should review and meaningfully engage with the data but it it appears that it's as far as the that process was just conclusory there's as in the um as in it it it just overlooks it as as a as something there but doesn't actually touch it in any meaningful way. As far as the as far as the FDA's review process it's um it actually goes you know hand in hand with with as we've been hearing today and and many of its other matters it's the majority or all of these uh arguments have been towards flavored tobacco products um and not to make this a a significant issue in this case but um while it's referring to Fumizer's flavored products it also included a tobacco product in there and um uh it's the it's it's tobacco platinum number one and peculiar peculiarly it's it's out of four of those different nicotine levels it picked one of them to include in the denial for for this application and I think it it's the to not argue schematics but as far as it it's um it shows that the FDA is not meaningfully reviewing the actual application process when it's holding um a tobacco flavored product in the same category and not actually um distinguishing it in a way um as far as the as far as it's um with the position on this case it's it's a distinguished from wages and uh line and and the lotus matter because as far as the we're not arguing the notice requirement we're not arguing whether or not the FDA is is allowed to create a actual um uh robust process it's just more so that while Fumizer's been operating under that process it still hasn't got the opportunity to have a meaningful review of its application and and to to further highlight that it's um it's it's not whether or not the FDA made the right decision in its conclusion it's that it didn't go through the process if it had actually reviewed the materials identified it and and not to say that it needs to do a page-by-page analysis but referenced its its review of it and then made a determination this this matter wouldn't be heard here today it's a it's the fact that it bypassed I know you wanted to save a little bit of time and you're down to less than 50 seconds so you're sure thank you good morning your honors and may it please the court uh jack starcher on behalf of the united states uh this court should dismiss this petition as untimely and I think the most straightforward path for this court to do so would be as follows to first observe that er 3 in the excerpts of record in this case the marketing denial order issued to petitioner here is dated july 22nd that's on the face of the document that is challenged in this petition this is the exact copy that was attached to the email yes that's my understanding that it's identical to the version that was mailed and then which is identical to what appears in the record that there's only one um one version um I think that fact coupled with the fact that this court has repeatedly held and this is the case discuss the cases I should say um discussed at page 30 of our brief that um these sorts of deadlines flow from the date of the agency decision and that actual notice or receipt of that decision isn't important um and then third even assuming this is not a jurisdictional limitation equitable tolling is not available on these facts um and then for therefore dismissed as untimely I think that's the most straightforward path here um I'm happy to talk about the merits or to talk about why we do think this is a jurisdictional limitation but for the reasons just given I don't think um the jurisdictional versus non-jurisdictional distinction uh needs to be resolved in in this case if the court's not inclined to address it so was service made in compliance with what the statute provided for effective service so I I don't have that's those arguments didn't appear that that set statutory section didn't appear anywhere in the briefing or at least I don't believe so I I believe that's about service of process although again I don't have the statutory section in front of me but again I don't think any of that is is relevant because of this court's decisions saying that these sorts of timelines um for review of agency decisions flow from the of the agency decision itself yeah assuming that's true but you presumably you'd still have to give them notice somehow right I mean there would be some argument that they never received it didn't know about it but that's just not the issue here exactly and I mean I don't know what the rule would be if this is an interesting argument has been raised about wrong method of service so maybe never service but that are you I think you just said that that was not in the brief and I didn't see it in the briefing at all that's right I think if if that were an argument for a future case it could be made in a future case but for this case the record I think is quite clear that the decision issued on July 22nd and there's evidence in the record demonstrating that notice was in fact made that the email address that it was sent to I'll just throw out was the email address given in few misers own application for communication about the I don't think he's disputing that that's I I clarify that and counsel's not disputing it but he says there's some confusion in the record and so that argument I think flows into whether equitable tolling should apply in the case sure and I think if you look at the circumstance I guess my first response to that is I think any confusion here is substantially undercut by the fact that the document itself has a date on it and that date is July 22nd and again that's er3 on which that appears and then on equitable tolling I think if you look at the Supreme Court's decision in Irwin and this court's decisions considering when equitable tolling is appropriate it really has to be something extraordinary it has to be some action taken to frustrate the ability of the individual seeking review to seek review and as you noted another factor that courts look to is that the individual seeking equitable tolling must make a showing that they exercised reasonable diligence in getting review of the decision I take it that under you know this petition was in fact filed 31 days later and so I think even under petitioners view it was reasonable to get it 31 days after the issuance of the decision there's no explanation for what was happening in that one day period that that frustrated their ability and again I think the only thing that I heard was confusion and and again I think that's undercut by by the merits of the denial order or the jurisdictional question but but if there are no further questions we ask that you dismiss as on timeline all right let me see if my colleagues have any questions all right thank you very much so uh your honors just a reference as far as the um the arguments made in our reply brief they were first addressed in the motion of dismiss provided by respondent our opposition was primarily obviously about the that the timeliness issue um it wasn't addressed in our brief as as um it had to have been um the the driving force in this but then as far as the um when it was addressed in the answer on page three of the the reply brief is is where our argument starts to the regarding the the um the timeliness issue um as far as the the the service issue with the notice issue again is um um I'd ask this court to consider the two parts of this as far as um um if we were to go off of the but I mean your argument this point was it uh it's an interesting argument that it was essentially your argument is that it was never served because it was statute but on page five you say the petition was filed within 30 days of the service date which seems to I don't I just don't see the argument that argument you were making in your in these first few pages of your reply brief so as far as the um um that sps so as we weren't actually disputing service based on the the ups delivery versus it being usps we weren't trying to fight over that technical issue um however the assuming that's not even a ad issue is assuming that ups is considered sufficient service um I I don't see how a is sufficient as as proper notice on on a on a denial order as something as significant as a pmta application and then following that um an email that says this is uh based on courtesy and an email that's unprompted and forwarded to um a petitioner is is also somehow considered to under this if that was the case then it would not be labeled as courtesy it would be more of a dialogue about whether or not this is this petitioner accepts your argument counsel you're well over time but I appreciate your argument this morning this matter is also submitted thank you thank you
judges: NGUYEN, VANDYKE, Huie